# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT PIERCE DIVISION

CASE NO.:

**REGAL NAILS, SALON & SPA, LLC**,

    Plaintiff,

v.

**HOANG MINH T. HA,**

    Defendant.

_____/

## PLAINTIFF REGAL NAILS, SALON & SPA, LLC'S COMPLAINT FOR DAMAGES

Plaintiff Regal Nails, Salon & Spa, LLC ("Regal Nails") sues Defendant Hoang Minh T. Ha ("Defendant") and states:

1. This is an action for damages in excess of $75,000 arising from Defendant's breaches of its written agreements with Regal Nails.

## THE PARTIES

2. Regal Nails is a Nevada limited liability company whose principal place of business is in Baton Rouge, Louisiana. All of the members of Regal Nails are citizens and residents of the State of Louisiana.

3. Defendant is a citizen and resident of the State of Florida.

## JURISDICTION AND VENUE

4. Regal Nails operates and franchises nail salons throughout the United States.

1

5. Defendant breached contracts which were to be performed in Florida by failing to operate his Regal Nails Salon & Spa® in accordance with the franchise agreement and sublease between the parties.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the parties are citizens of different states and the amount in controversy exceeds $75,000.

7. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391 as the acts and omissions giving rise to Regal Nails' claims occurred within this district.

8. Defendant has agreed in writing that in any litigation to enforce the terms of the agreements between Regal Nails and Defendant, Regal Nails, as the prevailing party, shall be paid by Defendant all costs, including attorneys' fees, incurred as a result.

9. Regal Nails has engaged the undersigned counsel and has agreed to pay counsel reasonable attorneys' fees for all services rendered in this action and otherwise in connection with enforcing the agreements between Regal Nails and Defendant.

10. All conditions precedent to the bringing of this action have been satisfied, discharged, excused, and/or waived.

## THE AGREEMENTS BETWEEN THE PARTIES

**A.     Franchise Agreement**

11. Defendant owned and operated a nail salon as a franchised Regal Nails Salon and Spa® ("Store") pursuant to a Franchise Agreement (the "Franchise Agreement") with Regal Nails.

12. The Store's number, location and date of the Franchise Agreement are set forth below:

| *Store No.* | *Store Location* | *Date of Franchise Agreement* |
|---|---|---|
| #929 | 10855 S. US Highway #1<br>Port St. Lucie, FL 34952 | April 24, 2019 |

**B.    The Sublease**

13.    Defendant also leased the Store's premises from Regal Nails pursuant to a Sublease Schedule to Franchise Agreement ("Sublease").

## FRANCHISEE OBLIGATIONS

14.    Under the terms of the Franchise Agreement, Defendant was obligated to make monthly payments to Regal Nails for monthly franchise fees, advertising expenses and other amounts as set forth therein.

15.    Under the terms of the Sublease, Defendant was obligated to make monthly payments to Regal Nails for base rent, taxes, CAM, insurance and other amounts as set forth therein.

16.    Under the Franchise Agreement and Sublease, Defendant is prohibited from ceasing operation of the Store during the term of the agreements (which was to expire April 30, 2024, unless sooner terminated in accordance therewith) for three consecutive days, without Regal Nail's written consent.

17.    The Franchise Agreement and Sublease also require Defendant to make the payments due for the term of each of the agreements.

## DEFAULT AND TERMINATION

**A.  Default**

18.    The Franchise Agreement and Sublease contain provisions regarding defaults and establishing the parties' rights and obligations in the event of a default by the Defendant under the

Franchise Agreement and Sublease. The Franchise Agreement provides that a franchisee's failure to comply with any provision of the Franchise Agreement and/or Sublease constitutes a default.

19. The Franchise Agreement also provides that Regal Nails has the right to terminate the Franchise Agreement for good cause, which includes the failure to make the payments due under the Franchise Agreement and/or Sublease, after notice and an opportunity to cure. Good cause also includes the failure to operate the salon for three consecutive days, which constitutes abandonment and a non-curable default.

**B. Termination**

20. Defendant defaulted under the Franchise Agreement and Sublease by failing to make the payments due to Regal Nails under the terms of those agreements, and by failing to maintain an ACH account.

21. By letter dated June 23, 2020, Regal Nails notified Defendant of the defaults and demanded that Defendant cure the defaults within fourteen (14) days from the receipt of the letter (the "Notice of Default").

22. Defendant failed to cure the defaults as set forth in the Notice of Default.

23. Additionally, Defendant abandoned the Store premises and has failed to operate the Store since July 6, 2020.

24. By letter dated July 31, 2020, Regal Nails confirmed the termination ("Confirmation of Termination") of the Franchise Agreement and Sublease due to Defendant's failure to cure the defaults in accordance with the Notice of Default, as well as Defendant's abandonment of the Store prior to the end of the term.

25. As set forth in the Confirmation of Termination, the Franchise Agreement and Sublease terminated effective July 31, 2020.

## COUNT I
## BREACH OF FRANCHISE AGREEMENT

26. Regal Nails re-alleges the allegations contained in Paragraphs 1 through 25 above as if fully set forth herein.

27. Defendant failed to pay when due the amounts due under the Franchise Agreement.

28. The failure of Defendant to pay Regal Nails as obligated constitutes a breach of the Franchise Agreement.

29. Defendant also breached the Franchise Agreement by ceasing operations of the Store and abandoning the Store's premises prior to the end of the term of the Franchise Agreement (which was to expire April 30, 2024).

30. Defendant's breaches of the Sublease (set forth in Count II) also constitute breaches of the Franchise Agreement.

31. Defendant's breaches have damaged Regal Nails in the amount of past due franchise fees and advertising contributions, and lost profits, including lost franchise fees and advertising contributions it would have earned over the balance of the term of the Franchise Agreement.

32. These breaches have directly and proximately caused loss and damage to Regal Nails.

## COUNT II
## BREACH OF SUBLEASE

33. Regal Nails re-alleges the allegations contained in Paragraphs 1 through 25 above as if fully set forth herein.

34. Defendant failed to pay when due the amounts owed to Regal Nails under the Sublease.

35. The failure of Defendant to pay Regal Nails as obligated constitutes a breach of the

Sublease.

36. Defendant also breached the Sublease by ceasing operations of the Store and abandoning the Store's premises prior to the end of the term of the Sublease (which was to expire April 30, 2024).

37. Defendant's breaches of the Franchise Agreement also constitute breaches of the Sublease.

38. Defendant's breaches have damaged Regal Nails in the amount of past due rent, monthly utility charges, CAM and insurance, as well as the lost profits, including lost rents, monthly utilities, CAM and insurance due for balance of the term of the Sublease.

39. These breaches have directly and proximately caused loss and damage to Regal Nails.

## DEMAND FOR ATTORNEYS' FEES

40. The Franchise Agreement and Sublease at issue in this litigation provide that the prevailing party is entitled to attorneys' fees and costs. Pursuant to those provisions, Regal Nails hereby demands that it be reimbursed by the Defendant for all costs and expenses (including attorneys' fees) relating to the prosecution of this action.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Regal Nails, Salon & Spa, LLC demands judgment against Defendant Hoang Minh T. Ha for damages, special damages (including lost profits), attorneys' fees pursuant to the agreements between the parties, all costs, disbursements, and expenses of this action, and for such other relief as this Court deems just and proper.

Dated: November 2, 2020
Miami, Florida

        Respectfully submitted,

        s./ *Nina Greene*
        Nina Greene, Esq.
        Florida Bar No.: 72079
        ngreene@gjb-law.com
        Joyce A. Delgado, Esq.
        Florida Bar No.: 1002228
        jdelgado@gjb-law.com
        GENOVESE JOBLOVE & BATTISTA, P.A.
        4400 Miami Tower
        100 Southeast Second Street
        Miami, Florida 33131
        Telephone: (305) 349-2300
        Facsimile: (305) 349-2310
        *Attorneys for Plaintiff*