UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-14388-CIV-MARTINEZ/MAYNARD

REGAL NAILS, SALON & SPA, LLC,

     Plaintiff,

v.

HOANG MINH T HA,

     Defendant.

_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [DE 13] AND DEFENDANT'S *ORE TENUS* MOTION TO SET ASIDE CLERK'S DEFAULT[1]

**THIS CAUSE** is before me upon referral of all matters relating to Plaintiff's Motion for Final Default Judgment for appropriate disposition [DE 15]. Having reviewed the pertinent portions of the record and being otherwise fully advised, I respectfully recommend that Plaintiff's Motion be denied and Defendant's Motion be granted for the reasons that follow.

## BACKGROUND

This case involves an alleged breach of contract relating to the franchising and operation of a nail salon located in a Wal-Mart in Port St. Lucie, Florida. *See generally* DE 1. The Plaintiff, Regal Nails Salon & Spa, LLC, franchises Regal Nails salons throughout the United States. *Id.* at ¶ 4.

---

[1] The Defendant first appeared in this case at the evidentiary hearing on Plaintiff's motion for default judgment (DE 13) held on July 8, 2021. Although Defendant had not timely responded to the complaint and summons personally served on him in this case, Defendant announced at the July 8th hearing that he wished to defend himself. Defendant reiterated this request at a subsequent hearing held on August 24, 2021. I construe Defendant's request as an *ore tenus* motion to set aside the Clerk's entry of default and treat it as such in this Report and Recommendation. Plaintiff opposes this treatment, arguing that because Defendant has not formally filed a motion to set aside the Clerk's entry of default, the Court is prevented from finding good cause to do so. DE 32 at 12 n. 7 (citing *Friedman v. Schiano,* 777 Fed. Appx. 324, 334 (11th Cir. 2019)). This argument is without merit. Even without a motion, a court may set aside a Clerk's entry of default. "Although defaults and default judgments are set aside usually upon motion of a party, the district courts may do so *sua sponte.*" Federal Civil Rules Handbook, Rule 55 (c) (discussing *sua sponte* set asides) (*citing Judson Atkinson Candies, Inc. v. Latini Hohberger Dhimantec, et. al.*, 529 F.3d 371, 385-86 (7th Cir. 2008) (collecting cases) and *AGCO Finance LLC v. Littrell*, 320 F.R.D. 45, 49 (D. Minn. 2017)).

According to the Complaint, the Defendant, Mr. Hoang Minh T Ha, entered into a franchise agreement with Plaintiff to operate a Regal Nails salon in Port St. Lucie on April 24, 2019.  *Id.* at ¶¶ 11–12.  The Defendant also agreed to sub-lease the salon premises (which were inside of Wal-Mart) from the Plaintiff pursuant to a sub-lease agreement.  *Id.* at ¶ 13.  In June 2020, Mr. Ha did not pay his rent and monthly franchise fee.  *Id.* at ¶ 20.  Mr. Ha made no further payments to Plaintiff for the franchise or rent.  *Id.* at ¶ 21.  According to the Complaint, Mr. Ha abandoned the premises and has failed to operate the salon since July 6, 2020.  *Id.* at ¶¶ 22–23.

On November 2, 2020, Plaintiff sued Defendant for breach of the franchise agreement and sublease.  DE 1.  On November 16, 2020, a copy of the Summons and Complaint were personally served on Mr. Ha, although the process server noted that he had been given the wrong address.  DE 6.  Mr. Ha did not respond to the lawsuit within 21 days so Plaintiff moved for entry of default.  DE 7. The Clerk's Office entered a default against Mr. Ha on December 10, 2020.  DE 8.  Plaintiff subsequently moved for a default judgment.  DE 13.  I ordered Plaintiff to submit additional evidence on the motion for default judgment and set an evidentiary hearing for July 8, 2021.  DE 16, DE 19.

Mr. Ha appeared for the first time in this case at the July 8, 2021 hearing.  Although his English was limited and he was not represented by counsel, he was able to explain—at times through his 19-year-old daughter – that he wanted to defend himself in this case.  He also indicated that the address on record for him with the Court was incorrect.  He stated that his street address is 461 – not 460 – Toruga Way.  He provided a correct email address and phone number to the Court.  I reset the hearing to obtain a Vietnamese interpreter so Mr. Ha could fully participate.  DE 22, DE 23.

A second evidentiary hearing was held on August 24, 2021 with a Vietnamese interpreter. Again, Mr. Ha indicated that he wanted to defend himself.  I construed this as a motion to set aside the Clerk's default and, over Plaintiff's objection, gave Mr. Ha the opportunity to explain why he had

not timely responded or appeared in the case.  I then held an evidentiary hearing on Plaintiff's motion for default judgment.  The matter is now ripe for consideration.

## DISCUSSION

Federal Rule of Civil Procedure 55 sets forth a two-step process for obtaining default judgment.  First, when a defendant fails to plead or otherwise defend a lawsuit, the Clerk of Court is authorized to enter a Clerk's default.  Second, after entry of the Clerk's default, the Court may enter default judgment against the defendant so long as the defendant is not an infant or incompetent person. Fed. R. Civ. P. 55(b)(2). "A court may not enter a final default judgment based solely on the existence of a clerk's default." *Redwood Mgmt., LLC v. Cavu Res., Inc.,* 2014 WL 12863134, at *1, 5 (S.D. Fla. July 10, 2014).  Instead, "a court must examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to a default judgment." *Gonopolsky v. Korchak*, , 2007 WL 3333482, at *1 (M.D. Fla. Nov. 8, 2007).

Rule 55 also explains that a Clerk's default may be set aside for good cause.  Fed. R. Civ. P. 55(c); *see Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1509 (11th Cir. 1984).  The Court has discretion in determining whether good cause exists.  *McGrady v. D'Andrea Electronic, Inc.*, 434 F.2d 1000, 1001 (5th Cir. 1970).  Good cause is a "mutable standard" – it is "not susceptible to a precise formula," but also is not "so elastic as to be devoid of substance." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviación*, 88 F.3d 948, 950-51 (11th Cir. 1996).

To determine if good cause exists to set aside a Clerk's default, Courts in this Circuit consider several factors including whether the defaulting party has presented a plausible explanation for the default or whether the default was willful, whether setting aside the default would cause undue prejudice to the opposing party, and whether the defaulting party has presented a meritorious defense.

See Compania, 88 F.3d at 951; *Woodbury v. Sears, Roebuck & Co.*, 152 F. R.D. 229, 236 (M.D. Fla. 1993). Courts also may examine the public's interest in the dispute, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted expeditiously to correct the default after it was entered in the record. *Id.* Whatever factors are used, the Eleventh Circuit has emphasized that default judgments are disfavored and there is a strong public policy in favor of determining cases on their merits. *Florida Physicians Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) (*citing Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1510 (11th Cir. 1984)). Further, default judgment "is a drastic remedy which should be used only in extreme situations." *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316-17 (11th Cir. 2002) (*quoting Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)); *see also Varnes v. Glass Bottle Blowers Assoc.*, 684 F.2d 1365, 1369 (11th Cir. 1982) (discussing courts' preference for adjudication on the merits). "Although a district court may enter default judgment against a defendant who has failed to respond to a complaint against him, default judgments should only be entered if exceptional circumstances exist that prejudice the plaintiff." *Fry v. Hillsborough Cty. Sch. Bd.*, 190 F. App'x 810, 817 (11th Cir. 2006).

Defendant states that he wants to defend himself in this action and his request to do so is construed as a motion to set aside the Clerk's default. When asked why he did not timely respond to the case, Defendant gave two reasons: (1) the paperwork that arrived was in English and Defendant does not understand English "very much"; and (2) Defendant received the paperwork "very close" to the date he was supposed to respond in court. DE 28 at 10: 17-23. Upon review of the entire record, I add a third reason: although Defendant was personally served with the Complaint and Summons, there is real question in the record regarding whether he received notice of Plaintiff's motion for default and motion for default judgment. In terms of any substantive defense to the complaint,

Defendant explained at the July 8th hearing that he was unable to pay the franchise fees and rent because "everyone was sick" due to COVID-19 and the salon was not making any money.

Plaintiff opposes setting aside the Clerk's default and argues that Defendant acted intentionally and recklessly in failing to respond to the complaint. Plaintiff vigorously disputes Defendant's contention that he does not understand English well. Plaintiff emphasizes (1) Defendant was able to answer some of the court's questions without an interpreter during the hearing; (2) Defendant signed an 80+ page contract that was written in English; (3) Defendant ran his salon using a Regal Nails Operation Manual that was written in English and (4) Defendant received notice of hearings and understood sufficient English to show up for court.

Defendant responds that he understands English "50/50" and can read English if it is simply written and easy to comprehend. Defendant said, for example, that he showed up for the hearings because the notices from the court were simple to understand. Regarding his dealings with Plaintiff, Defendant said he did not understand the more complicated language in the contract, but he spoke with Plaintiff's employees in Vietnamese and English when negotiating the contract. At the hearing on August 24, 2021, Plaintiff's general counsel, Mr. Van Lam confirmed this possibility, testifying it was "probably true" that there were times when Defendant spoke with Plaintiff's representatives in Vietnamese as "95% of our employees are Vietnamese." DE 28 at 39:6-10.

From conversations with Defendant, I find that he has testified truthfully about his English language ability. As he says, he understands English "50/50". Defendant was able to answer some of my questions in English but was not able to answer others without assistance from his daughter or the interpreter. The simpler the question, the more likely he could respond. Even Plaintiff's process server noted a language barrier. On the Return of Service, the process server noted as "Additional Information" that:

> Defendant indicated his English skills were limited so I asked him to bring someone out who could understand the language better. He produced a young lady who said she understood everything I explained about the document as per Florida statutes.

DE 6.

While his ability to understand English is limited, Defendant clearly understood that he had been sued by Plaintiff and was required to respond by a certain date. The language of the summons is straightforward and simple. *See* DE 3. I find, on this record, that Defendant and/or his daughter would have been able to understand it. Defendant's knowledge that he needed to respond is also demonstrated by the second reason he gave for failing to respond, *i.e.*, that, in his view, there was insufficient time to do so. Defendant may not have understood the more complex language of the Complaint, but he certainly knew that some response was required by a specific date. Thus, while his limited English is a factor to be considered, it does not entirely excuse his failure to respond.

The more troubling issue is that the motions for entry of default and default judgment were not served at Defendant's correct address, despite notation from the process server that the address Plaintiff was using was wrong. According to the Return of Service, the server was instructed to serve Defendant at "460 Toruga Way", but Defendant was personally served at the "alternate address of 461 Toruga Way." DE 6. Despite this notation by the process server, Plaintiff's motions for clerk's entry of default and default judgment were both mailed to "460 Toruga Way" according to accompanying Certificates of Service. DE 7 at 4; DE 13 at 7. The address of record on the docket was incorrect until Defendant appeared at the July 8th hearing and clarified his physical address as being **461 Tortuga Way**. He has never lived at 460 Toruga Way. DE 28 at 11-12. The people residing at that address gave him the court's order notifying him of the hearing. *Id*. at 12:1-5. Defendant did not receive the motion for default judgment, which was sent to the wrong address. *Id*. at 13:17-23; 14:1-13.

Courts generally require that some notice be given to a defendant between the time of initial service of process and entry of default judgment. *See, e.g., U.S. v. Varmado*, 342 F. App'x 437, 441 (11th Cir. 2009) (finding abuse of discretion to deny a *pro se* defendant's motion to set aside a default judgment in a student loan recovery case where "defendant was *pro se*; she was not given proper notice that default judgment would be issued against her; any delay was slight; there was no evidence of willful misconduct or intentionally dilatory tactics; and she advanced what could be liberally construed as a meritorious defense at this early stage of the proceedings."); *Int'l Brands USA, Inc. v. Old St. Andrews Ltd.*, 349 F. Supp. 2d 256, 261 (D. Conn. 2004) ("Where a party fails to respond, **after notice** the court is ordinarily justified in entering a judgment against the defaulting party.") (emphasis added and citations omitted); *F.T.C. v. 1263523 Ontario, Inc.*, 205 F. Supp. 2d 205, 208 (S.D.N.Y. 2002) (entering default judgment where defendants had failed to respond in any way to summons, complaint and motion for default judgment); *New York State Teamsters Conference Pension and Retirement Fund v. Fratto Curbing Co.*, 875 F.Supp. 129, 131 (N.D.N.Y. 1995) (defendant that failed to answer complaint or otherwise defend was properly notified of motion for default judgment).

Here, the service certificates attached to Plaintiff's motion for entry of default and motion for default judgment show these pleadings were sent to the wrong address. Nothing in the text of Rule 55 excuses the service requirement for requests for entry of default (as distinguished from motions for default judgment)[2] and Rule 55(a) requires such service. Plaintiff could have easily mailed the motions to the address where service was perfected but did not do so. Although Plaintiff has proved Defendant had actual notice of the lawsuit because he was personally served, Plaintiff has not proved

---

[2] *See generally* Rule 55(b)(2) (defaulted defendant is entitled to notice of request for default judgment only if defendant has appeared in the action).

Defendant had actual notice that a default was sought and subsequently entered against him, or that Plaintiff was actively seeking a default judgment against him.  Thus, I cannot find Defendant was on notice that Plaintiff had moved forward with default proceedings and nevertheless elected not to defend himself, particularly given Defendant's prompt appearance once he received notice of the July 8th hearing.

On balance, I recommend that the relevant factors and the strong public policy goal of resolving cases on the merits weigh in favor of setting aside the default.  It is undisputed that Defendant was personally served with a copy of the Summons and Complaint not at 460 Tortuga Way, but at 461 Tortuga Way.  It is also undisputed that, despite being on notice of the address inaccuracy, Plaintiff continued to serve Defendant by mail at the wrong house number.  When his neighbor brought Defendant notice of the court hearing, Defendant acted promptly by appearing in the case.  In addition, although Defendant understands English somewhat, English is a second language for him which contributed to his failure to respond.

I also do not see any prejudice to Plaintiff, other than delay, if the entry of default is set aside. The mere passage of time alone is generally not grounds to find prejudice.  *See, e.g., Smith v. Duff & Phelps, Inc.*, 5 F.3d 488, 494 (11th Cir. 1993) (without more, mere passage of time is not enough to demonstrate denial of leave to amend).  A party is not prejudiced merely by delay or the burden of having to prove the merits of the case.  *See Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 & 419 n. 6 (4th Cir. 2010); *U.S. v. Signed Personal Check No. 730 of Yurban S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010).  Rather, prejudice requires that the Plaintiff's ability to litigate has been impaired in some way, such as, for example, a loss of evidence, unavailability of witnesses, increased difficulties with discovery, or greater opportunity for fraud and collusion of some sort.  *See, e.g., East Coast Ex. Inc. v. Ruby, Inc.*, 162 F.R.D. 37, 39 (E.D. Pa. 1995); *Mathon v. Marine*

*Midland Bank, N.A.*, 875 F. Supp. 986, 992 (E.D.N.Y. 1995)*; see also Johnson v. Dayton Elect. Mf.*

*Co.*, 140 F.3d 781, 784 (8th Cir. 1998).   Plaintiff has not shown this type of prejudice here.

Defendant also may have a meritorious defense.  A defendant's burden to show the existence

of a meritorious defense is extremely light on a motion to set aside an entry of default.  "A party

seeking to set aside a default judgment cannot rest on 'general denials' and must affirmatively show

a defense that is likely to be successful." *See U.S. Bank N.A. v. Son Van Doung*, 2019 WL 9048962.

*7 (N.D. Ga. Oct. 23, 2019) (*citing In re Worldwide Web Sys., Inc.*, 328 F.3d at 1296).  A party

seeking to set aside an entry of default, on the other hand, need only show a "hint of a suggestion of

a meritorious defense." *Id*. (*citing Retina-XX Studios, LLC v. ADVAA, LLC*, 303 F.R.D. 642, 657

(M.D. Fla. 2014)).  Moreover, on a motion to set aside an entry of default, whether a "meritorious

defense" exists does not depend on whether that defense is likely to be successful. *Retina-X Studios*,

303 F.R.D. at 657 (*citing Argoitia v. C&J Sons, LLC*, 2014 WL 1912011, at *2 (S.D. Fla. May 13,

2014)).

Here, Defendant articulated enough to establish a "hint of a suggestion of a meritorious

defense" when he appeared at the first hearing before me on July 8, 2021.  Defendant stated that the

salon became really slow around May or June 2020 because "everyone was sick."  Defendant said he

"would work fifteen days sometimes and make zero dollars."  This explanation coincides with

Plaintiff's claim that Defendant paid the monthly franchise fee until May 2020.  DE 11 at 5.  I take

judicial notice of the fact that Florida and St. Lucie County enacted "Safer at Home" Orders for most

of April 2020. *See Executive Order No. 20-91 (Essential Services and Activities During COVID-19*

*Emergency)*, State of Florida's Office of the Governor, Apr. 1, 2020, available at:

https://www.flgov.com/wp-content/uploads/orders/2020/EO_20-91-compressed.pdf; *St.   Lucie*

*County "Safer at Home" order*, WPTV, published Apr. 1, 2020, available at:

https://rumble.com/v92lil-st.-lucie-county-safer-at-home-order.html.   These orders allowed Wal-Mart to stay open as an "essential business," but likely did not permit operation of a nail salon inside of Wal-Mart because that is not an "essential service" as defined by these orders.   Consequently, Defendant may have contractual defenses based on force majeure[3] clauses in the relevant agreements (if any).   He may also have common law defenses based on frustration of purpose[4] or impossibility or impracticality of performance[5] due to illness of employees or state or local measures taken in response to COVID-19.   That is not to say these defenses are likely to be meritorious – indeed, courts sanction these defenses sparingly.   They are sufficient to show at least a "hint" of a viable defense, however, and that is all Defendant need do at this stage of the case.

Lastly, in recommending that the Clerk's default be set aside, I have considered the substantial amount in controversy, approximately $166,000.00 (inclusive of attorney's fees), a hefty amount to levy on a Defendant without giving him the desired opportunity to defend himself.[6]   *See, e.g.,*

---

[3] "A force majeure clause is a contractual clause that excuses performance of contractual obligations – either wholly or for the duration of the force majeure – upon the occurrence of a covered event that is beyond the control of either party to the contract.  A permissible force majeure clause covers events that may or may not happen, but whether they do is beyond the control of [either party].  This type of clause is not an opt-out provision; it is limited in scope." *Princeton Homes, Inc. v. Virone*, 612 F.3d 1324, 1332 (11th Cir. 2010) (internal citations and quotations omitted).

[4] *See, e.g.,* 1700 *Rinehart, LLC v. Advance Am.*, 51 So.3d 535, 537-38 (Fla. Dist. Ct. App. 2010) (defenses of failure of consideration, frustration of purpose, and commercial frustration are "legally equivalent" and only apply "when the very purpose of an agreement has been totally frustrated by some outside force or circumstance[.]").

[5] "In Florida, the doctrine of impossibility of performance 'refers to those factual situations, too numerous to catalog, where the purposes for which the contract was made, have, on one side, become impossible to perform.'" *Ashraf v. Swire Pac. Holdings, Inc.*, 752 F. Supp.2d 1266, 1270 (S.D. Fla. 2009).

[6] Plaintiff explains this amount as follows:

| | |
|---|---|
| Liquidated Damages | $102,245.19 |
| Monthly Fees | $5223.28 |
| White Box Fee | $25,000.00 |
| Prorated Insurance Premium | $928.24 |
| Indemnification Amount | $23,504.28 |
| Total | $156,900.99 |

*Compania Interamericana*, 88 F.3d 948, 951 (11th Cir. 1996); *see Perez v. Wells Fargo N.A.*, 774

F.3d 1329, 1338 n. 7 (11th Cir. 2014) (considering significance of defendant's financial loss); *In re*

*Chinese Mfd. Drywall Prods. Liab. Litig.*, 753 F.3d 521, 545 (5th Cir. 2014) (same).

Upon consideration of the foregoing, I find that Defendant has made the showing necessary

to set aside the Clerk's default entered against him so that the case may proceed on its merits.

Specifically, I find that Defendant's default in this case was not willful, that Plaintiff will not be

prejudiced by the delay, and that Defendant has set forth a potentially meritorious defense – that the

unforeseen event of COVID-19 frustrated his ability to perform under the contracts.

## CONCLUSION

**ACCORDINGLY**, it is respectfully **RECOMMENDED** to the District Court that the

Plaintiff's Motion for Default Judgment (DE 13) be **DENIED** and the Defendant's *Ore Tenus* Motion

to Set Aside Clerk's Entry of Default and Allow Defendant to Defend Himself be **GRANTED**.  It is

further **RECOMMENDED** that Defendant be ordered to file a responsive pleading to the Complaint

by a date certain with a cautionary note that his failure to do so may result in the Court revisiting the

issue of entering a default judgment in Plaintiff's favor.[7]

---

DE 18 at 8.  Plaintiff also seeks $9,269.50 in attorneys' fees and $607.00 in costs.  DE 13 at 5.

[7] To the extent the reviewing District Judge is inclined to not set aside the Clerk's default as recommended in this report, I note that it appears the Complaint states a valid claim for liability as is required for entry of a final default judgment and that Plaintiff's evidentiary submissions are sufficient to determine an amount of damages.  However, in my view, the submissions do not support the full amount of attorney's fees sought considering that Plaintiff has filed a number of cases similar to this one, including a recent one in this district involving the same plaintiff, the same plaintiff's counsel, the same cause of action against a Regal Nails franchisee defendant, and similar default judgment proceedings. *See Regal Nails, Salon & Spa, LLC v. Kinh Nguyen,* Case No. 9:20-cv-82006-Cannon/Maynard (S.D. Fla. 2021).  A cursory review of the record in both cases reveals Plaintiff's request for a similar amount of attorney's fees in each case. (*Compare* Case 2:20-cv-14388-JEM [DE 12] (01/11/2021) (declaration filed in support of request for $9,269.50 in attorney's fees) *with* Case 9:20-cv-82006-AMC [DE 18] (01/11/2021) (declaration filed in support of request for $12,515.50 in attorney's fees)).  Courts are wary of imposing unnecessary attorney's fees on defaulting defendants, especially in cases like this where it appears compensation is being sought for redundant efforts on the part of the same attorneys for repetitive work. *See Stream, Inc. v. Habsa Enter., Inc.,* No. 16-81662-CIV, 2018 WL 3413041, at *1 (S.D. Fla. May 16, 2018), *report and recommendation denying attorney's fees adopted,* No. 16-81662-CIV, 2018 WL 3413024 (S.D. Fla. May 31, 2018).

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Jose E. Martinez.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 9th of September, 2021.

SHANIEK M. MAYNARD
U.S. MAGISTRATE JUDGE

**Copy via U.S. Mail to:**
Hoang Minh T Ha, pro se
460 Tortuga Way W.
Melbourne, FL 32904