UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Case Number: 20-14388-CIV-MARTINEZ/MAYNARD

REGAL NAILS, SALON & SPA, LLC,

    Plaintiff,

v.

HOANG MINH T HA,

    Defendant.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE MAYNARD'S REPORT AND RECOMMENDATION

THIS MATTER was referred to the Honorable Shaniek M. Maynard, United States Magistrate Judge, for a ruling on Plaintiff's Motion for Default Judgment, (ECF No. 15). Judge Maynard held an evidentiary hearing on July 8, 2021 and August 24, 2021 on the matter.[1] Thereafter, Judge Maynard issued a Report and Recommendation ("R&R") recommending that: (1) Plaintiff's Motion for Default Judgment, (ECF No. 15), be denied; (2) Defendant's *ore tenus* Motion to Set Aside the Clerk's Default be granted;[2] and (3) Defendant be ordered to file a responsive pleading to the Complaint, with a cautionary note that his failure to do so may result in the Court revisiting the issue of entering a default judgment in Plaintiff's favor. (ECF No. 33). Defendant has filed timely objections to the R&R. (ECF No. 35). The Court has conducted a *de novo* review of the record and finds that Judge Maynard's R&R is **AFFIRMED** and **ADOPTED**

---

[1] The evidentiary hearing was initially scheduled to take place on July 8, 2021. Defendant appeared at this hearing, but given the language barrier, a second evidentiary hearing was scheduled for August 24, 2021 with a Vietnamese interpreter. (*See* ECF Nos. 21, 24).

[2] Judge Maynard construed Defendant's oral request at the evidentiary hearings to "defend himself" as an *ore tenus* Motion to Set Aside the Clerk's Default. The Court agrees with this determination.

in its entirety.

Default judgments are disfavored in this Circuit and there is a strong public policy in favor of determining cases on their merits.  *Florida Physicians Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993).  Indeed, the Eleventh Circuit has consistently noted that "[e]ntry of judgment by default is a drastic remedy which should be used only in extreme situations, as the court has available to it a wide range of lesser sanctions."  *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316–17 (11th Cir. 2002) (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)).

Defendant, who is appearing *pro se*, is a native Vietnamese speaker, who understands English "50/50."  (R&R, at 5, ECF No. 33).  While he acknowledges that he received the summons and complaint from the process server, he explained at the evidentiary hearing held by Judge Maynard that, "(1) the paperwork that arrived was in English and Defendant does not understand English 'very much'; and (2) Defendant received the paperwork 'very close' to the date he was supposed to respond to court."  (R&R, at 4).  Plaintiff objects to Judge Maynard's R&R stating that *pro se* parties are not excused from adhering to procedural rules.  (Objections, at 9, ECF No. 35).  This is true.  However, the Court has a duty to afford greater leeway to a *pro se* party and it does so here.  Given Defendant's request to defend himself in this action, the Court adheres to the strong public policy in favor of determining cases on their merits and denies the Motion for Default Judgment for the reasons stated in Judge Maynard's R&R.

Moreover, Judge Maynard's well-reasoned R&R properly outlines other factors weighing in favor of setting aside the clerk's default.  In particular, Judge Maynard points to Defendant's language barrier; the fact that the motions for entry of default and default judgment were not served on Defendant's correct address; and the fact that Plaintiff would not suffer any prejudice if the

default is set aside. Plaintiff argues that a defendant who is in default for failing to timely appear is not entitled to service of the Motion for Default and Motion for Default Judgment. (Objections, at 2). However, "nothing in the text of Rule 55 excuses the service requirement for requests for entry of default (as distinguished from motions for default judgment), and Rule 5(a) on its face requires such service." *Capitol Records v. Rita Carmichael*, 508 F. Supp. 2d 1079, 1083 (S.D. Ala. 2007). Courts have generally required some notice to be given to a defendant between the time of service of process and entry of default judgment. *See id.* (citing *International Brands USA, Inc. v. Old St. Andrews Ltd.*, 349 F. Supp. 2d 256, 261 (D. Conn. 2004); *F.T.C. v. 1263523 Ontario, Inc.*, 205 F. Supp. 2d 205, 208 (S.D.N.Y. 2002); *New York State Teamsters Conference Pension and Retirement Fund v. Fratto Curbing Co.*, 875 F. Supp. 129, 131 (N.D.N.Y.1995)). Here, too, the Court required that Plaintiff give notice to Defendant of the default judgment procedure, and whether through oversight or inadvertence, Plaintiff did not send the documents to Defendant's correct address. Neither did Plaintiff serve its motion for entry of a clerk's default to Defendant's correct address. (*See* ECF No. 7, at 4 (listing Defendant's service address as 460 Toruga Way W., instead of 461 Toruga Way W.)). Therefore, the Court finds that the Clerk's default is vacated, and this matter shall proceed on the merits.

For the foregoing reasons, it is

**ADJUDGED** that United States Magistrate Judge Maynard's Report and Recommendation, (ECF No. 35), is **AFFIRMED** and **ADOPTED** in its entirety.

Accordingly, it is further **ADJUDGED** that:

1. Plaintiff's Motion for Default Judgment, (ECF No. 15), is **DENIED**.
2. Defendant's *ore tenus* Motion to Set Aside the Clerk's Default is **GRANTED**.
3. The Clerk's entry of default, (ECF No. 8), is **VACATED**.

4. Defendant **SHALL** file an answer to the Complaint **no later than October 25, 2021**.

5. Defendant is warned that if he fails to respond to the Complaint, the Court will reconsider its decision to enter default judgment in Plaintiff's favor. No extensions of this deadline will be granted absent exigent circumstances.

DONE and ORDERED in Chambers at Miami, Florida this 24th day of September, 2021.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Maynard
All counsel of record